CLAYTON (HOUSER v.). See Case No. 6,-739.

CLAYTON (LE ROY v.). See Case No. 8,-268.

## Case No. 2,872.

CLAYTON et al. v. STONE et al.

[2 Paine, 382;[1] 1 U. S. Law Int. 69.]

Circuit Court, S. D. New York. 1829.

WHAT MAY BE COPYRIGHTED—NEWSPAPERS.

1. A literary production to be the subject of copyright, need not be a book in the common and ordinary acceptation of the term: a volume written or printed, made up of several sheets joined and bound together. It may be printed on one sheet, as the words of a song, or the music accompanying it.

[Cited in Keene v. Wheatley, Case No. 7,-644; Taylor v. Gilman, 24 Fed. 634; Harper v. Shoppell, 26 Fed. 519.]

2. The act of congress securing to authors and inventors the exclusive right to their respective writings and discoveries, was passed in execution of the power given by the constitution of the United States, and its object was the promotion of science and the useful arts. The act is for the encouragement of learning, and was not intended for the encouragement of mere industry, unconnected with learning and the sciences.

[Approved in Baker v. Selden, 101 U. S. 99. Cited in The Mark Twain Case, 14 Fed. 730.]

3. A newspaper or price-current is not such a publication as falls under the protection of the copyright law.

This was an action qui tam for an alleged infringement of copyright by the defendants [William L. Stone and Francis Hall], who were editors and proprietors of the "New York Commercial Advertiser," in copying into their paper the daily price-current or review of the market, compiled by plaintiffs [Edwin B. Clayton and others]. Defendants pursued a regular system of appropriating the substance of the price-current, a few hours after its appearance in each issue of their paper. At the trial, the jury. for the purpose of bringing the questions of law before the court for review, were directed to find a nominal verdict for the plaintiffs. Subsequently, Judge THOMPSON delivered the following opinion of the court upon the case which had been argued before them, ordering judgment to be entered for the defendants:

[1] [Reported by Elijah Paine, Jr., Esq.]

THOMPSON, Circuit Justice. Copyright was formerly considered to be founded on common law, but it can now only be viewed as part of our statute law. Gods. Pat. 8. A book within the statute need not be a book in the common and ordinary acceptation of the word, viz., a volume made up of several sheets bound together; it may be printed only on one sheet, as the words of a song or the music accompanying it. Id. 218.

The requisites to secure copyright under our act are: The author, before publication, must deposit a printed copy of the title of the map, chart or book in the district clerk's office, which must be recorded, a copy of the record to be printed on title page, and within two months thereafter cause such record to be published in one or more newspapers printed in the United States for the space of four weeks, and within six months after publishing the book cause to be delivered a copy. 2 Kent, Comm. 306.[2]

---

[2] The power of granting and protecting copyrights is vested, by the constitution of the United States, in congress. Article 1, § 8. The act of the 31st May, 1790 [1 Stat. 124], entitled "An act for the encouragement of learning, by securing the copies of maps, charts, and books, to the authors and proprietors of such copies, during the time therein mentioned." And the act of April 29th, 1802 [2 Stat. 171], "supplementary thereto, and extending the benefits thereof to the arts of designing, engraving and etching historical and other prints," compose the law of this country on this subject. By the first of these statutes it is provided that the authors of any map, chart or book, or the proprietors of the copyright of any map, chart or book, printed in the United States, or made and composed, and not yet printed and published, and their executors, administrators or assigns, shall have the sole right of printing, publishing and vending the same for the term of fourteen years from the recording of the title in the clerk's office, as thereinafter mentioned. Such authors or proprietors must be citizens of the United States, or residents within the same. And if, at the expiration of the term, such authors are living and residents within the United States, the right shall be continued for the further term of fourteen years, provided the title of the book, &c., is again recorded in like manner. If any person, without the consent in writing of the author or proprietor, shall print, publish, or import any copies of such books, or shall publish, sell, or expose the same to sale, he shall forfeit every copy and every sheet thereof to the author or proprietor, to be destroyed by him, and shall also forfeit fifty cents for every sheet which shall be found in his possession, the one moiety to the author or proprietor who shall sue for the same, and the other to the United States, to be recovered in an action of debt, in any court of record of the United States wherein the same is cognizable; such action to be commenced within one year after the cause of action arises. A printed copy of the title of the map, chart or book, must, before publication, be deposited in the clerk's office of the district court, where the author or proprietor resides, who shall record the same in the manner and form specified in the act, and a copy of such record shall be published by the author or proprietor, within two months after the date thereof, in one or more of the newspapers printed in the United States, for four weeks. The author or proprietor of such map, chart, or book, is also required, within six months after the publishing thereof, to deliver

---

I am inclined to think the price-current cannot be considered a book within the sense and meaning of the act of congress. The literary property intended to be protected by the act is not to be determined by the size, form or shape in which it makes its appearance, but by the subject-matter of the work. Nor is this question to be determined by reference to lexicographers, to ascertain the origin and meaning of the word book. It will be more satisfactory to inquire into the general scope and object of the legislature, for the purpose of ascertaining the sense in which the word "book" was intended to be used in the statute.

It seems to be well settled in England, that a literary production, to be entitled to the protection of the statute on copyrights, need not be a book in the common and ordinary acceptation of the word—a volume, written or printed, made up of several sheets and bound together. It may be printed on one sheet, as the words of a song or the

---

to the secretary of state a copy thereof. But it is provided, that nothing in the act shall be construed to prohibit the importing, vending, printing or publishing, within the United States, of any map, chart or book, written, printed or published, by any person not a citizen of the United States, in foreign parts. The act further declares, that any person printing or publishing any manuscript, without the consent of the author or proprietor, in writing, (if such author or proprietor be a citizen of, or a resident of the United States,) shall be liable to such author or proprietor for all damages occasioned thereby, to be recovered by special action on the case, in any court having cognizance thereof; and provides that persons prosecuted by virtue thereof, may plead the general issue, and give the special matter in evidence.

The act of the 29th April, 1802, requires the author or proprietor of every book to insert a copy of the record, at full length, in the title-page or in the page following, and if a map or chart, to cause the following words to be impressed on the face thereof: "Entered according to act of congress," stating also the time when and the person by whom entered. This act also extends the benefits of the former act to every person being a citizen of the United States or a resident within the same, who shall invent and design, engrave, etch or work, or from his own works and inventions shall cause to be designed, engraved, etched or worked, any historical or other prints for the same term and upon the like conditions; the entry to be engraved on the plate, with the name of the proprietor, and to be printed on the print. Any person, within the time limited by the act, engraving, etching or working, copying or selling such prints, in whole or in part, or printing, reprinting or importing the same or any parts thereof, or causing the same to be done, or publishing, selling, exposing to sale or otherwise disposing of such prints, without consent in writing of the proprietors, shall forfeit the plate or plates, and the sheets wherever such prints are printed, to the proprietor of the original print, who shall destroy the same; and shall also forfeit one dollar for every print found in his custody, the one moiety to the person who shall sue for the same, and the other to the United States, to be recovered as provided in the former act. This act also provides, that if any person shall print or publish any map, chart, book or print, who has not legally acquired the copyright thereof, and shall insert therein or impress thereon that the same has been entered according to the act of congress, or words purporting the

music accompanying it. 11 East, 244, note; 2 Camp. 27, note. It is true that the English statute of 8 Anne, in the preamble, speaks of books and other writings; but the body of the act speaks only of books, the same as in the act of congress; and a

same, or purporting that the copyright has been acquired, such person shall forfeit one hundred dollars, one moiety to the person who shall sue for the same, and the other to the United States, to be recovered as aforesaid; the action to be brought within two years after the cause of action has arisen.

Statute of February 15, 1819 [3 Stat. 481], provides that the circuit courts of the United States shall have original cognizance, as well in equity as at law, of all actions, suits, controversies and cases arising under any law of the United States, granting or confirming to authors or inventors the exclusive right to their respective writings, inventions and discoveries; and upon any bill in equity, filed by any party aggrieved in any such cases, shall have authority to grant injunctions, according to the course and principles of courts of equity, to prevent the violation of the rights of any authors or inventors, secured to them by any laws of the United States, on such terms and conditions as the said courts may deem fit and reasonable: provided, however, that from all judgments and decrees of any circuit courts, rendered in the premises, a writ of error or appeal as the case may require, shall lie to the supreme court of the United States, in the same manner and under the same circumstances as is now provided by law in other judgments and decrees of such circuit courts.

Statute of February 3, 1831 [4 Stat. 436], provides that from and after the passing of this act, any person or persons being a citizen or citizens of the United States, or residents therein, who shall be the author or authors of any book or books, map, chart or musical composition, which may be now made or composed, and not printed and published, or shall hereafter be made or composed, or who shall invent, design, etch, engrave, work, or caused to be engraved, etched or worked from his own design, any print or engraving, and the executors, administrators or legal assigns of such person or persons shall have the sole right and liberty of printing, reprinting, publishing and vending such book or books, map, chart, musical composition, print, cut or engraving, in the whole or in part for the term of twenty-eight years from the time of recording the title thereof in the manner hereinafter directed.

Sec. 2. And be it further enacted, that if, at the expiration of the aforesaid term of years, such author, inventor, designer, engraver or any of them, where the work had been originally composed and made by more than one person, be still living, and a citizen or citizens of the United States, or resident therein, or being dead, shall have left a widow, or child, or children, either or all then living, the same exclusive right shall be continued to such author, designer or engraver, or if dead, then to such widow and child, or children, for the further term of fourteen years; provided, that the title of the work so secured shall be a second time recorded, and all such other regulations as are herein required in regard to original copyrights be complied with in respect to such renewed copyright, and that within six months before the expiration of the first term.

Sec. 3. And be it further enacted, that in all cases of renewal of copyright under this act, such author or proprietor shall, within two months from the date of said renewal, cause a copy of the record thereof to be published in one or more of the newspapers printed in the United States, for the space of four weeks.

Sec. 4. And be it further enacted, that no person shall be entitled to the benefit of this act, unless he shall, before publication, deposit a printed copy of the title of such book or books, map, chart, musical composition, print, cut or engraving, in the clerk's office of the district court of the district wherein the author or proprietor shall reside, and the clerk of such court is hereby directed and required to record the same thereof forthwith, in a book to be kept for that purpose, in the words following (giving a copy of the title, under the seal of the court, to the said author or proprietor, whenever he shall require the same): "District of ———, to wit: be it remembered, that on the ——— day of ———, Anno Domini, ———, A. B., of the said district, hath deposited in this office the title of a book, (map, chart or otherwise, as the case may be,) the title of which is in the words following, to wit: (here insert the title:) the right whereof he claims as author (or proprietor as the case may be); in conformity with an act of congress, entitled 'An act to amend the several acts respecting copyrights.' C. D. Clerk of the District." For which record the clerk shall be entitled to receive, from the person claiming such right as aforesaid, fifty cents; and the like sum for every copy, under seal, actually given to such person or his assigns. And the author or proprietor of any such book, map, chart, musical composition, print, cut, or engraving, shall, within three months from the publication of said book, map, chart, musical composition, print, cut or engraving, deliver or cause to be delivered a copy of the same to the clerk of said district. And it shall be the duty of the clerk of each district court, at least once in every year, to transmit a certified list of all such records of copyright, including the titles so recorded, and the dates of record, and also all the several copies of books or other works deposited in his office according to this act, to the secretary of state, to be preserved in his office.

Sec. 5. And be it further enacted, that no person shall be entitled to the benefit of this act, unless he shall give information of copyright being secured by causing to be inserted in the several copies of each and every edition published during the term secured on the title page, or the page immediately following, if it be a book, or if a map, chart, musical composition, print, cut or engraving, by causing to be impressed on the face thereof, or if a volume of maps, charts, music, or engravings, upon the title or frontispiece thereof, the following words, viz.: "Entered according to the act of congress, in the year ———, by A. B., in the clerk's office of the district court of ———," (as the case may be.)

Sec. 6. And be it further enacted, that if any other person or persons, from and after the recording the title of any book or books, according to this act, shall, within the term or terms herein limited, print, publish or import, or cause to be printed, published or imported, any copy of such book or books, without the consent of the person legally entitled to the copyright thereof, first had and obtained in writing, signed in presence of two or more credible witnesses, or shall, knowing the same to be so printed or imported, publish, sell or expose to sale, or cause to be published, sold or exposed to sale, any copy of such book without such consent in writing; then such offender shall forfeit every copy of such book to the person legally, at the time, entitled to the copyright thereof; and shall also forfeit and pay fifty cents for every such sheet which may be found in his possession, either printed or printing, published, imported, or exposed to sale, contrary to the intent of this act, the one moiety thereof to such legal owner of the copyright as aforesaid, and the other to the use of the United States, to be recovered by action of debt in any court having competent jurisdiction thereof.

Sec. 7. And be it further enacted, that if any person or persons, after the recording the title of any print, cut or engraving, map, chart or

learned commentator upon American law (2 Kent, Comm. 311) seems to think the English decisions on this subject (Cowp. 623; 11 East, 244, note) have been given upon the body of the statute of Anne, without laying any stress upon the words other writ-

musical composition, according to the provisions of this act, shall, within the term or terms limited by this act, engrave, etch or work, sell or copy, or cause to be engraved, etched, worked or sold, or copied, either on the whole, or by varying, adding to or diminishing the main design with intent to evade the law; or shall print or import for sale, or cause to be printed or imported for sale, any such map, chart, musical composition, print, cut or engraving, or any parts thereof, without the consent of the proprietor or proprietors of the copyright thereof, first obtained in writing, signed in the presence of two credible witnesses; or, knowing the same to be so printed or imported, without such consent shall publish, sell or expose to sale, or in any manner dispose of any such map, chart, musical composition, engraving, cut or print, without such consent as aforesaid; then such offender or offenders shall forfeit the plate or plates on which such map, chart, musical composition, engraving, cut or print, shall be copied, and also all and every sheet thereof so copied or printed as aforesaid, to the proprietor or proprietors of the copyright thereof; and shall further forfeit one dollar for every sheet of such map, chart, musical composition, print, cut or engraving, which may be found in his or their possession, printed or published, or exposed to sale, contrary to the true intent and meaning of this act; the one moiety thereof to the proprietor or proprietors, and the other moiety to the use of the United States, to be recovered in any court having competent jurisdiction thereof.

Sec. 8. And be it further enacted, that nothing in this act shall be construed to extend to prohibit the importation or vending, printing or publishing of any map, chart, book, musical composition, print or engraving, written, composed or made by any person not being a citizen of the United States, nor resident within the jurisdiction thereof.

Sec. 9. And be it further enacted, that any person or persons who shall print or publish any manuscript whatever without the consent of the author or legal proprietor first obtained, as aforesaid, (if such author or proprietor be a citizen of the United States, or resident therein,) shall be liable to suffer and pay to the author or proprietor, all damages occasioned by such injury, to be recovered by a special action on the case founded upon this act, in any court having cognizance thereof; and the several courts of the United States empowered to grant injunctions to prevent the violation of the rights of authors and inventors, are hereby empowered to grant injunctions in like manner, according to the principles of equity, to restrain such publication of any manuscript as aforesaid.

Sec. 10. And be it further enacted, that if any person or persons shall be sued or prosecuted, for any matter, act or thing done under or by virtue of this act, he or they may plead the general issue, and give the special matter in evidence.

Sec. 11. And be it further enacted, that if any person or persons, from and after the passing of this act, shall print or publish any book, map, chart, musical composition, print, cut or engraving, not having legally acquired the copyright thereof, and shall insert or impress that the same hath been entered according to act of congress, or words purporting the same, every person so offending shall forfeit and pay one hundred dollars; one moiety thereof to the person who shall sue for the same, and the other to the use of the United States, to be recovered by action of debt, in any court of record having cognizance thereof.

Sec. 12. And be it further enacted, that, in all recoveries under this act, either for damages, forfeitures, penalties, full costs shall be allowed thereon, anything in any former act to the contrary notwithstanding.

Sec. 13. And be it further enacted, that no action or prosecution shall be maintained, in any case of forfeiture or penalty under this act, unless the same shall have been commenced within two years after the cause of action shall have arisen.

Sec. 14. And be it further enacted, that the "Act for the encouragement of learning, by securing the copies of maps, charts and books,. to the authors and proprietors of such copies during the times therein mentioned," passed May thirty-first, one thousand seven hundred and ninety, and the act supplementary thereto, passed April twenty-ninth, one thousand eight hundred and two, shall be, and the same are hereby repealed: saving, always, such rights as may have been obtained in conformity to their provisions.

Sec. 15. And be it further enacted, that all and several the provisions of this act intended for the protection and security of copyrights, and providing remedies, penalties and forfeitures, in case of violation thereof, shall be held and construed to extend to the benefit of the legal proprietor or proprietors of each and every copyright heretofore obtained, according to law, during the term thereof, in the same manner as if such copyright had been entered and secured according to the directions of this act.

Sec. 16. And be it further enacted, that, whenever a copyright has been heretofore obtained by an author or authors, inventor, designer or engraver, of any book, map, chart, print, cut or engraving, or by a proprietor of the same: if such author or authors, or either of them, such inventor, designer or engraver, be living at the passage of this act, then such author or authors, or the survivor of them, such inventor, engraver or designer, shall continue to have the same exclusive right to his book, chart, map, print. cut or engraving, with the benefit of each and all the provisions of this act, for the security thereof, for such additional period of time as will, together with the time which shall have elapsed from the first entry of such copyright, make up the term of twenty-eight years, with the same right to his widow, child or children, to renew the copyright at the expiration thereof, as is above provided in relation to copyrights originally secured under this act. And if such author or authors, inventor, designer or engraver, shall not be living at the passage of this act, then his or their heirs, executors and administrators, shall be entitled to the like exclusive enjoyment of said copyright, with the benefit of each and all the provisions of this act for the security thereof. for the period of twenty-eight years from the first entry of said copyright, with the like privilege of renewal to the widow, child or children, of author or authors, designer, inventor or engraver, as is provided in relation to copyrights originally secured under this act: provided, that this act shall not extend to any copyright heretofore secured, the term of which has already expired.

Statute of June 30, 1834 [4 Stat. 728], provides. that all deeds or instruments in writing, for the transfer or assignment of copyrights, being proved or acknowledged in such manner as deeds for the conveyance of land are required by law to be proved or acknowledged, in the same state or district, shall and may be recorded in the office where the original copyright is deposited and recorded; and every such deed or instrument that shall in any time hereafter be made and executed, and which shall not be proved or acknowledged, and recorded as aforesaid, within sixty days after its execution, shall be judged fraudulent and void against any subsequent purchaser or mortgagee, for valuable consideration without notice.

ings in the preamble. In determining the true construction to be given to the act of congress, it is proper to look at the constitution of the United States, to aid us in ascertaining the nature of the property intended to be protected. Congress shall have power to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their writings and discoveries. Section 8, art. 1, Const. U. S. The act in question was passed in execution of the power here given, and the object, therefore, was the promotion of science; and it would certainly be a pretty extraordinary view of the sciences to consider a daily or weekly publication of the state of the market as falling within any class of them. They are of a more fixed, permanent and durable character. The term science cannot, with any propriety, be applied to a work of so fluctuating and fugitive a form as that of a newspaper or price-current, the subject-matter of which is daily changing, and is of mere temporary use. Although great praise may be due to the plaintiffs for their industry and enterprise in publishing this paper, yet the law does not contemplate their being rewarded in this way; it must seek patronage and protection from its utility to the public and not as a work of science. The title of the act of congress is for the encouragement of learning (2 Bior. & D. Laws, 104 [1 Stat. 124]), and was not intended for the encouragement of mere industry, unconnected with learning and the sciences. The preliminary steps required by law, to secure the copyright, cannot reasonably be applied to a work of so ephemeral a character as that of a newspaper. The author is required to deposit a printed copy of the title of his book in the clerk's office of the district court, and the clerk is required to record the same, a copy of which record must be published for four weeks in one or more newspapers within two months from the date thereof; and a copy of the book is to be delivered to the secretary of state within six months from the publication, to be preserved in his office; and all this would have to be done for every newspaper. The right cannot be secured for any given time, for the series of papers published from day to day or week to week; and it is so improbable that any publisher of a newspaper would go through this form for every paper, it cannot reasonably be presumed that congress intended to include newspapers under the term book. That no such pretence has ever before been set up, either in England or in this country, affords a pretty strong argument that such publications were never considered as falling under the protection of the copyright laws. We are, accordingly, of opinion that the paper in question is not a book, the copyright to which can be secured under the act of congress. Judgment must, accordingly, be entered for the defendants.